Slip Op. 09 - 125

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - x
FUNAI ELECTRIC CO., LTD. and FUNAI     :
CORPORATION, INC.,
                                       :

                   Plaintiffs,
                                       :
                   v.                      Court No. 09-00374
                                       :
UNITED STATES and UNITED STATES BUREAU
OF CUSTOMS AND BORDER PROTECTION,      :

                   Defendants.   :
- - - - - - - - - - - - - - - - - - - - x

<u>Memorandum & Order</u>

[Defendants' motion for leave to refile its
 briefs and for refiling of the court's
 dispositive slip opinion denied.]

                              Dated: October 29, 2009


     <u>Michael F. Hertz</u>, Deputy Assistant Attorney General; <u>Jeanne E.
Davidson</u>, Director, <u>Franklin E. White, Jr</u>., Assistant Director,
Commercial Litigation Branch, Civil Division, U.S. Department of
Justice (<u>Antonia R. Soares</u>); and International Trade Field Office,
Commercial Litigation Branch, Civil Division, U.S. Department of
Justice (<u>Amy M. Rubin</u>); and Office of Assistant Chief Counsel,
International Trade Litigation, U.S. Customs and Border Protection
(<u>Michael W. Heydrich</u>), of counsel, for the defendants.


          AQUILINO, Senior Judge:   The court having granted
defendants' motion to dismiss plaintiffs' complaint for lack of
subject-matter jurisdiction per its slip opinion 09-109, 33 CIT
___, 2009 WL 3182495, ___ F.Supp.2d ___ (Oct. 6, 2009), familiarly
with which is presumed, come now the above-named counsel for the
defendants with a motion seeking

> leave to refile [their] briefs so as to replace the name of the Assistant Attorney General of the Civil Division with that of the Deputy Assistant Attorney General of the Civil Division, in light of the Assistant Attorney General's recusal from this matter; and . . . that this Court refile its October 6, 2009 Opinion and Order to reflect such changes.

It proceeds to explain that, during

> the expedited proceedings in this matter, [the] briefs included the name of Tony West, the Assistant Attorney General of the Civil Division.  Mr. West was a former partner with the San Francisco Office of Morrison & Foerster LLP, one of the law firms representing plaintiffs in this matter.  Upon assuming the position of Assistant Attorney General for the Civil Division, Mr. West recused himself from any case involving Morrison & Foerster LLP, and has had no involvement in this case.  In light of Mr. West's recusal, his name should not have appeared on our briefs.  As a result of the expedited nature of these proceedings, we inadvertently overlooked the need to omit his name from our briefs.  Accordingly, we seek leave to refile our briefs in this matter so as to remove Mr. West's name.

The plaintiffs have not responded to this motion, no doubt for good reason.  The record is devoid of even a hint of impropriety, or of any arguable appearance thereof.  That the government has formally noticed the "inadverten[ce]" is to be commended, as the record now stands corrected by dint of the filing of the motion and attached exhibits themselves.  Hence, it does not necessarily follow that this motion need be, or even should be, actually granted, most notably because, as cited above, slip opinion 09-109 has already been set in print by *Westlaw* and also by 43 Cust. B. & Dec. No. 43, page 129 <u>et</u> <u>seq</u>. (Oct. 22, 2009), and

its refiling sans even the *pro forma* reference to the new Assistant

U.S. Attorney General would simply add to the clutter that purports

to be law in America.

    Now therefore, in view of the foregoing, and after due

deliberation, defendants' aforesaid motion can be, and it hereby

is, denied.*

    So ordered.

Dated:  New York, New York
        October 29, 2009


                                  ___/s/ Thomas J. Aquilino, Jr.___
                                         Senior Judge

---

    * This is to instruct the Clerk of Court, nevertheless,
to maintain defendants' instant filing as a part of this action's
complete, public record.